# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANN M. GALLOWAY,

     Plaintiff,

vs.                                                                                    CIV 12-0625 JB/RHS

JP MORGAN CHASE & COMPANY,
NEW YORK COMMUNITY BANK, formally
known as AMTRUST BANK in Cleveland, Ohio
MERSCORP, INC. MORTGAGE ELECTRONIC
REGISTRATION SYSTEM (MERS), FEDERAL
NATIONAL MORTGAGE ASSOCIATION, commonly
known as FANNIE MAE, and DOES D1 through
D10, inclusive,

     Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on the Honorable Robert H. Scott's, United States Magistrate Judge, Report and Recommendation, filed December 17, 2012 (Doc. 43)("R&R") regarding the Plaintiff's Ann M. Galloway's Motion for Extension of Time to Amend Complaint, filed October 5, 2012 (Doc. 23)("Motion for Extension of Time").  The motion requested, in the alternative, that the case be dismissed without prejudice.  Judge Scott recommended that the Court dismiss the case without prejudice.  The R&R would render moot Defendant New York Community Bank's Motion to Dismiss of Defendant New York Community Bank and Brief in Support, filed September 14, 2012 (Doc. 4)("New York Bank MTD"); Defendant Federal National Mortgage Association's Defendant's Motion to Dismiss, filed September 18, 2012 (Doc. 6), and Defendant's Memorandum of Law in Support of Motion to Dismiss, filed September 18, 2012 (Doc. 7)(collectively, "Fed. Nat'l Mortg. MTD"); and

Defendant JPMorgan Chase & Co.'s Defendant's Motion to Dismiss, filed September 25, 2012 (Doc. 11), and Defendant's Memorandum of Law in Support of Motion to Dismiss, filed September 25, 2012 (Doc. 12)(collectively, "JPMorgan MTD").   None of the parties filed any objections to Judge Scott's R&R and the deadline for doing so has passed.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. <u>See</u> Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . . ").   Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving objections to a magistrate judge's proposal: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3).   Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"

<u>United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements,</u>

and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act."  One Parcel, 73 F.3d at 1060.

In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R.

Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added) (hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C)), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only

- 4 -

ask," a failure to object "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided *sua sponte* to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a *de novo* determination pursuant to 28 U.S.C. § 636(b) "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States has noted that, although a district court must make a *de novo* determination of the objected to recommendations under 28 U.S.C. § 636(b)(1), the district court

is not precluded from relying on the magistrate judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1));   Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with a *de novo* determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'")(quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676)(emphasis omitted).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the magistrate judge's recommendations.  In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review.  2012 WL 6846401, at *3.  The Court generally does not, however, review the magistrate judge's proposed findings and recommended disposition *de novo*, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and

recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion."  Workheiser v. City of Clovis, 2012 WL 6846401, at *3.  See Kirven v. Curry Cnty. Det. Ctr., No. CIV 06-1212 JB/WDS, 2012 WL 4947979, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings and recommended disposition where the Court found that "the Magistrate Judge's  recommendation is [not] clearly erroneous, arbitrary, contrary to law, or an abuse of discretion"); Thurlo v. Guiding Star LLC, No. CIV 12-0889 JB/LFG, 2012 WL 5378963, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings of fact and conclusion of law, noting: "The Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion."); Hudson v. Astrue, No. CIV 11-0522 JB/CG, 2012 WL 4950751, at *3 (D.N.M. Sept. 24, 2012)(same).  This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

The Court has carefully reviewed the R&R, and the Motion for Extension Time.  The Court did not review the R&R de novo, because the parties have not objected thereto, but rather

reviewed Judge Scott's findings and recommendation to determine whether they are "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion."   Workheiser v. City of Clovis, 2012 WL 6846401, at *3.  The Court determines that they are not.  Accordingly, the Court will: (i) grant in part Galloway's Motion for Extension of Time; and (ii) dismiss Galloway's Complaint, filed June 8, 2012 (Doc. 1), without prejudice.  The Court will also deny the New York Bank MTD, Fed. Nat'l Mortg. MTD, and JPMorgan MTD, as they are rendered moot by this order.

IT IS ORDERED that: (i) Plaintiff's Ann M. Galloway's Motion for Extension of Time to Amend Complaint, filed October 5, 2012 (Doc. 23), is granted in part and denied in part.  The Court will grant Galloway's request for dismissal of her Complaint, filed June 8, 2012 (Doc. 1), without prejudice.  The Court will also deny the following motions as they are rendered moot by this memorandum opinion and order: (i) Defendant New York Community Bank's Motion to Dismiss of Defendant New York Community Bank and Brief in Support, filed September 14, 2012 (Doc. 4); (ii) Defendant Federal National Mortgage Association's Defendant's Motion to Dismiss, filed September 18, 2012 (Doc. 6), and Defendant's Memorandum of Law in Support of Motion to Dismiss, filed September 18, 2012 (Doc. 7); (iii) and Defendant JPMorgan Chase & Co.'s Defendant's Motion to Dismiss, filed September 25, 2012 (Doc. 11), and Defendant's Memorandum of Law in Support of Motion to Dismiss, filed September 25, 2012 (Doc. 12).

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Anne M. Galloway
Santa Fe, New Mexico

     *Plaintiff pro se*

Calvin P. Hoffman
Timothy M. Kelley
Leonard, Street, and Deinard, P.A.
Minneapolis, Minnesota

     *-- and --*

Seth Campbell McMillan
Walter J. Melendres
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendants JP Morgan Chase & Company, Chase Home Finance, LLC,*
       *MERSCROP Inc., Federal National Mortgage Association*

Kenneth Ferguson
Gordon & Rees, LLP
Austin, Texas

     *Attorneys for Defendant New York Community Bank, formally known as AmTrust Bank in*
       *Cleveland, Ohio*